Minshall, J.
Levi Benedict having obtained a judgment against Malón A. Peters before a justice of the peace, caused an execution to issue and be levied upon certain personal pi’operty of the debtor. Shortly afterwards David and Wilson Peters replevined the property from the constable, claiming it under a certain chattel mortgage that had been made to them by the debtor to secure an indebtedness to themselves. Benedict was duty substituted for the constable, and the case was tried on an answer denying the averments of the petition. The finding was for the plaintiff and damages one cent, and judgment rendered on the verdict for the plaintiff, after a motion for a new trial had been made*and overruled. A bill of exceptions was taken and made a part of the record setting forth all the evidence. The only question arising upon the record is as to the validity of the *533 chattel mortgage under which the plaintiffs claimed the property as against the levy made upon the property .by Benedict under his judgment, the levy being subsequent in time to the mortgage. The mortgage was regular in all respects, except that the statement thereon under oath, required by section 4154, Revised Statutes, to be made by the mortgagee, his agent or attorney, as to the amount of his claim and that it is just and unpaid, was not certified to by the officer as having been administered by him, that is his signature was omitted. From aught that appeared the affidavit may simply have been written on the mortgage, signed b37' the mortgagee, with the usual jurat in blank, and without its having been sworn to by him before any officer. Evidence was offered and received against the objection of the defendant, and to which he excepted at the time, that the oath had in fact been made before the notary, but he had inadvertently omitted to sign his name to the certificate. And the question now arises whether this omission invalidates the mortgage as against a judgment creditor of the mortgagor, who has levied on the property. It is well settled that if the mortgage is defective as a lien against third persons, it is of no avail against the subsequent levy of an execution by a creditor, without regard to his knowledge of the improperly filed mortgage. Houk v. Condon, 40 Ohio St., 569. The requirement of good faith to acquire a preference over it, applies only to subsequent purchasers and mortgagees. Instruments whereb3T one creditor is to obtain a lien upon the property of a debtor as against others, must be construed strictly in the observance of those requirements necessary to the creation of the lien, and *534 particularly is this so as to those things required as notice to third persons of the existence of the lien. The mischief intended to be remedied by the provisions of section 4154, was the giving of colorable mortgages by debtors for the purpose of covering up their property and hindering and delaying honest creditors in the pursuit of their legal remedies against them. The statement required by this section to be made under oath by the mortgagee on the mortgage, as to the amount of his claim and that it is just and unpaid, is vital to the spirit of the statute in the light of the mischief it was intended to prevent.- It subjects the conscience of the party to the severe test of an oath as to the amount and justice of his claim to be secured by the mortgage. It is however argued with a g'ood deal of force, that if the oath has been in fact taken,, the mischief will be as effectually avoided as if the fact were certified on the mortgage by the officer administering it. This would certainly be so in the cases where it is shown to have been done by parol testimony. But would this be so in all cases? Certainly not in those cases where the oath has not been administered; and as this cannot be known from the mortgage itself, it certainly opens the door to the making and filing of fraudulent mortgages. Such mortgages may be made and filed, and whilst the fraud may or may not be discovered and exposed by the creditors, it will serve for the time being, or may be for all time, the fraudulent purpose of the parties. In such way the creditor may be hindered and delayed by the fraudulent practice, and no other consequences will result to the parties than the exposure of their fraud and the loss of what was to be gained thereby. But where the *535 oath is in fact taken and certified by the officer on the mortgage, the affiant may, in addition to the exposure of his fraud, be prosecuted for perjury. I am not to be understood as implying that where a false oath has been made no prosecution for perjury could be had in the absence of a certificate signed by the officer, the point is, that where the fact may be shown by parol, a certificate in due form may be fraudulently endorsed on the mortgage, and the taking of the 'oath omitted, for the purpose of hindering and delaying creditors, with no other consequences to the party than the exposure of his fraud. In this view of the case we think th¿ court erred in permitting the plaintiff to show by parol that the oath had in fact been taken, though there was no certificate signed by the officer administering it to that effect on the mortgage. The mortgage as against the judgment creditor who had levied on the property was of no effect (Houk v. Condon, supra) and judgment should have been rendered in his favor. Creditors examining the records for such liens, ,are not required to go beyond the record for the purpose of learning whether an instrument on which there is no duly certified sworn statement required by the statute, can be shown to have been properly executed in this regard. All that is required to make it a mortgage as against creditors must appear upon the instrument filed as such. It cannot be helped out by parol. Hanes v. Tiffany, 25 Ohio St., 549; Blandy v. Benedict, 42 Ohio St., 295.
We do not think that the cases of Ashley v. Wright, 19 Ohio St., 291 and Gambrinus Stock Co. v. Weber, 41 Ohio St., 689, are opposed to this view. In Ashley v. Wright, the instrument showed on its face that the statement had been properly sworn *536 to. The notary administering- the oath had signed the certificate, but had omitted his seal. The court held that the attaching of the seal was not necessary — the seal being only required in the authentication of purely notarial acts, as in the protesting of commercial paper for dishonor. In Gambrinus Stock Co. v. Weber, the statement was not signed by the mortgagee. This the court held is not necessary, where, as in that case, the taking of the. oath was duly authenticated by the notary.
Quite a numbér of cases are cited where, in attachment proceedings, affidavits on which writs of attachment were issued, were not authenticated by the officer administering the oath, and the'omission was not regarded as fatal to the affidavit, the evidence of the fact being- supplied by parol. We do not regard these cases as of controlling effect here. An affidavit in an attachment proceeding is given for the protection of the debtor. And if it has been in fact taken, it affords the same protection to him as if duly certified by the-officer administering- it. The lien of the attachment does not depend upon the sufficiency of the affidavit, but upon the taking- of the property under the writ; and if the defects in the affidavit are waived by the debtor, third persons cannot take advantage of them. Nor is the affidavit designed as notice to third persons of the existence of the lien, that is accomplished by the seizure of the property. For these reasons the cases cited, and similar ones, are not relative to the question here.
The general rule is that an affidavit must appear on its face to have been taken before the proper officer, and in compliance with all legal requisitions. Giauq. Notary’s Man., section 32. A paper purporting to be an affidavit, but not to have been sworn *537 to before an officer, is not an affidavit. Morris v. State, 2 Tex., 502; Cantwell v. State, 27 Ind., 505; Bank v. Hinchcliffe, 4 Ark., 444; Giauq. Notary’s Man., section 34. In the latter case, the sufficiency of an affidavit for an appeal was presented; and the court said: “In the transcript before us, the clerk has copied a writing’ purporting to be the affidavit of the attorney of the appellant, containing all the requisites prescribed by law, except the essential one that the individual purporting to make the affidavit, does not appear to have been sworn, or to have made the affidavit before any authority competent to take it. It is true that this statement appears immediately under the writing purporting to be an affidavit, “sworn to and subscribed in open court December 22,1841,” but this attestation is not subscribed or certified, either by the clerk, the judge or the court; and therefore it can only be regarded as the mere draft of an affidavit, never' sworn to by the person by whom it purports to have been made. And therefore as the record shows no affidavit, as required -by law, the appeal must be considered as having been illegally granted.” And, the same being true in this case, the mortgage relied on by the plaintiffs below, must be regarded inlaw as having no sworn statement upon it, required by statute to make it valid as against creditors.

Judgment of the owcuit court and of the common pleas, reversed, and cause remanded to the latter court for further proceedings.